MEMORANDUM **
Khajir Khajiryan, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“U”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001), and we deny the petition for review.
Substantial evidence supports the IJ’s finding that Khajiryan did not demonstrate changed or extraordinary circumstances to excuse the untimely filing of his asylum application. See 8 C.F.R. § 1208.4(a)(4), (5); Ramadan v. Gonzales, 479 F.3d 646, 656-58 (9th Cir.2007) (per curiam). Accordingly, Khajiryan’s asylum claim fails.
The record does not compel reversal of the IJ’s conclusion that the detention and interrogations Khajiryan suffered, and the beating Khajiryan’s son endured, did not constitute past persecution. See Gu v. Gonzales, 454 F.3d 1014, 1020-21 (9th Cir.2006); see also Nagoulko v. INS, 333 F.3d 1012, 1017 (9th Cir.2003) (holding that acts of violence against a petitioner’s family do not compel a finding of past persecution). Substantial evidence also supports the IJ’s conclusion that Khajiryan did not establish he faced a clear probability of future persecution if returned to Syria. See Hakeem, 273 F.3d at 816-17. Therefore, Khajiryan’s withholding claim also fails.
Substantial evidence supports the IJ’s denial of CAT protection because Khajiryan failed to establish that it is more likely than not he would be tortured if returned to Syria. See El Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.